UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ERNESTO M. DIAZ, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-1274 (LMB/TCB) |
| ) | |
| RODNEY L. NAYLOR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court on Plaintiffs' Motion for Entry of Default Judgment (Dkt. 7).[1] After representatives for Defendant failed to respond to Plaintiffs' motion or to appear at the hearing on January 4, 2019, the matter was taken under advisement.[2] For the reasons stated below, the undersigned U.S. Magistrate Judge recommends that Plaintiffs' Motion for Default Judgment be GRANTED.

I. INTRODUCTION

A. Background

On October 9, 2018, Ernesto M. Diaz, Jesus G. Gonzalez, Encarnacion Romero-Alverez, Jorge A. Torres, Noe Sigfredo Alvarado Torres, Lidia M. Adams, Ninna K. Adams, and Martha L. Torres ("Plaintiffs")[3] filed this lawsuit against Rodney L. Naylor ("Defendant") alleging

---

1. Due to an arithmetic error, Plaintiff Diaz filed an Amended Motion for Default Judgment (Dkt. 10).

2. Relevant filings before the Court include Plaintiffs' Complaint (Dkt. 1) ("Compl."), Plaintiffs' Motion for Entry of Default Judgment (Dkt. 7) ("Mot. Default J."), Plaintiff Ernesto Merino Diaz's Amended Motion for Entry of Default Judgment (Dkt. 10) ("Diaz Mot. Default J."), and all attachments and exhibits submitted with those filings.

3. Plaintiffs filed this lawsuit on their own behalf and, presumably pursuant to 29 U.S.C. § 216(b), as potential representatives of a proposed collective action of similarly situated employees. However, Plaintiffs never filed a motion to proceed as a collective action and were never certified by the Court as such. As a result, the undersigned

1

violations of the Fair Labor Standards Act ("FLSA"). Plaintiffs now seek an entry of default judgment that awards them monetary damages and attorney's fees and costs. (Mot. Default J. at 7.)

### B. Jurisdiction and Venue

Before the Court can render default judgment, it must have both subject-matter jurisdiction and personal jurisdiction over the defaulting parties, and venue must be proper.

The Court has subject-matter jurisdiction over this action. A federal district court has original jurisdiction when an action involves a civil action "arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Similarly, 28 U.S.C. § 1337(a) provides that "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." The FLSA itself also states that any action to recover unpaid minimum or overtime wages may be maintained "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). Since this action arises from a law of the United States, the FLSA, and further arises from an Act of Congress regulating commerce, this court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.

The Court has personal jurisdiction over Defendant in this action. For personal jurisdiction over a defendant, the standards of both federal due process and the forum state's long-arm statute must be satisfied. See Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 301 (4th Cir. 2012). Federal due process permits personal jurisdiction where a defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326

---

does not address the merits of Plaintiffs' collective action allegations.

U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). Virginia's long-arm statute, Virginia Code § 8.01-328.1, "extends the jurisdiction of its courts as far as federal due process permits." ePlus Tech., Inc. v. Aboud, 313 F.3d 166, 176 (4th Cir. 2002). With federal due process and Virginia's long-arm statute requiring the same standards, essentially only one personal jurisdiction inquiry is required. See id. The inquiry to find personal jurisdiction requires either specific jurisdiction "based on conduct connected to the suit" or general jurisdiction based on "continuous and systematic" activities in the forum state. Tire Eng'g & Distrib., 682 F.3d at 301 (quoting ALS Scan, Inc. v. Dig. Serv. Consultants, Inc., 293 F.3d 707, 711 (4th Cir. 2002)). As stated in the Complaint, Defendant regularly conducted business in the Commonwealth of Virginia. (Compl. ¶¶ 10-12.) Therefore, Defendant has maintained sufficient contact with Virginia based on conduct connected to this case to allow the Court to have personal jurisdiction over Defendant. Additionally, venue is proper in this Court pursuant to 28 U.S.C. § 1391. (Id. ¶¶ 20, 24-32; Mot. Default J., Ex. 1.)

For these reasons, the undersigned recommends a finding that this court has subject-matter jurisdiction over this action, that this court has personal jurisdiction over Defendant, and that venue is proper in this court.

### C. Service of Process

Before the Court can render default judgment, it must be satisfied that all defaulting parties have been properly served. As a general rule, a defendant must be served with the summons and complaint filed with a federal court. See FED. R. CIV. P. 4. However, various avenues exist to serve a defendant.

Federal Rule of Civil Procedure 4(e)(1) allows service on an individual within a judicial district of the United States pursuant to state law for service in the state where the district court

3

overseeing the lawsuit sits or state law for service in the state where service is made. Under Virginia law, a plaintiff may make service of process on a nonresident of Virginia via the Secretary of the Commonwealth if a court in Virginia can exercise personal jurisdiction over the defendant. VA CODE. § 8.01-329(A). In order to properly effectuate service on the Secretary, a plaintiff must file an affidavit with the court, "stating either (i) that the person to be served is a nonresident or (ii) that, after exercising due diligence, the party seeking service has been unable to locate the person to be served. In either case, such affidavit shall set forth the last known address of the person to be served." Id. § 8.01-329(B). Service via the Secretary of the Commonwealth is "effective on the date when service is made on the Secretary." Id. § 8.01-329(C).

Here, Defendant is a non-resident of the Commonwealth of Virginia. (Compl. ¶ 10.) Plaintiffs followed the required steps to effectuate service on Defendant via the Secretary of the Commonwealth. (Dkt. 3.) Additionally, Plaintiffs have sufficiently alleged that this Court has personal jurisdiction over Defendant. Therefore, based on the foregoing, the undersigned recommends a finding that Defendant was properly served with the summons and complaint.

### D. Grounds for Default Judgment

The entry of default judgment may be appropriate when a defendant has failed to appear in a case. See FED. R. CIV. P. 55. To date, Defendant has not appeared or otherwise participated in these proceedings. On November 19, 2018, Plaintiffs filed their Request for Entry of Default (Dkt. 4), seeking entry of default for Defendant. On that same day, the Clerk of the Court issued the Entry of Default (Dkt. 5) for Defendant. On November 26, 2018, Plaintiffs filed their Motion for Default Judgment. The undersigned U.S. Magistrate Judge then held a hearing on Plaintiffs' Motion for Default Judgment on January 4, 2019, at which no representative for Defendant appeared. Finding the matter uncontested, the undersigned took the matter under advisement to

issue this Report and Recommendation.

## II. FINDINGS OF FACT

Upon a full review of the pleadings and the record in this case, the undersigned finds that Plaintiffs have established the following facts.

Defendant is a resident of Indiana and operated a business known as Naylor & Sons Environmental Inc. (Compl. ¶ 10.) Naylor & Sons Environmental Inc. was not authorized to operate in the Commonwealth of the Virginia but did so anyway. (Id. ¶¶ 10-11.) At all relevant times, Naylor & Sons Environmental Inc. generated gross revenues exceeding $500,000.00. (Id. ¶ 18.) Defendant consistently advertised and solicited business outside the State of Indiana and provided services within the Commonwealth of Virginia. (Id. ¶ 17.) On October 10, 2017, Naylor & Sons was dissolved by the Indiana Secretary of State Business Services Division. (Id. ¶ 10.)

Plaintiffs are current and former employees of Defendant. (Id. ¶ 9.) Seven (7) Plaintiffs are residents of Virginia ("Virginia Plaintiffs") while Plaintiff Ernesto M. Diaz is a resident of Maryland. (Id. ¶¶ 1-8.) Plaintiffs performed cleaning services on behalf of Defendant, (Id. ¶¶ 9, 16), and did so as hourly employees (Id. ¶¶ 16, 21). Plaintiffs engaged in services originating outside the Commonwealth of Virginia. (Id. ¶ 19.) Defendant had knowledge of the hours worked by Plaintiffs. (Id. ¶ 23.) From May through August 2018, Plaintiffs were not paid even though Defendant continued to operate his cleaning business. (Id. ¶¶ 23-24.) During this period of unpaid work, Virginia Plaintiffs continued to perform work for Defendant at the property located at 766 N Howard St., Alexandria, VA 22304. (Id. ¶¶ 25-26, 28-32.) At the N Howard property, Jesus G. Gonzalez performed 175 hours of unpaid labor; Encarnacion Romero-Alverez performed 245 hours of unpaid labor; Jorge A. Torres performed 175 hours of unpaid labor; Plaintiff Noe Sigfredo Alvarado Torres performed 175 hours of unpaid labor; Lidia M. Adams performed 130 hours of

unpaid labor; Ninna K. Adams performed 160 hours of unpaid labor; and Martha L. Torres performed 130 hours of unpaid labor. (Id.)

During this same period, Plaintiff Ernesto M. Diaz also went without pay while continuing to perform work for Defendant at the property located at 6060 Tower Court, Alexandria, VA 22304. (Id. ¶¶ 3, 27.) He performed 720 hours of unpaid labor, of which 640 hours were non-overtime. (Diaz Mot. Default J. ¶ 3, Ex. 1.) Plaintiff Diaz began working for Defendant in February 2017. (Id. ¶ 2, Ex. 1.) He worked eight (8) hours a day Monday through Friday, arriving at 6:00 a.m. and leaving at 3:00 p.m. (Id.) Diaz also worked five (5) hours on Saturday, thereby working a total of forty-five (45) hours a week. (Id.) From April 2017 to April 2018, a period of seventy-six (76) weeks, Diaz was paid an hourly wage of $11/hour but was not paid any overtime premiums and only received pay for forty-two-and-half (42.5) hours of work per week. (Id.)

## III. EVALUATION OF PLAINTIFFS' COMPLAINT

When a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted. JTH Tax, Inc. v. Grabert, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). Before entering default judgment, however, the Court must evaluate the plaintiff's complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate Plaintiffs' complaint against the standards of Federal Rule of Civil Procedure 12(b)(6).

As alleged in the complaint, Defendant willfully violated certain provisions of the FLSA. (Compl. ¶¶ 23, 59.) Defendant was required by the FLSA to compensate each employee based on the federal minimum wage for each hour worked. See 29 U.S.C. § 206(a). Additionally, for each

hour worked in excess of forty (40) hours per week, the FLSA guarantees an employee overtime pay at a rate not less than one and one-half (1.5) times the employee's regular rate of pay. See 29 U.S.C. § 207(a).

Plaintiffs assert two claims: (1) enforcement of minimum wage under FLSA and (2) unpaid overtime wages and premiums. The Court considers each claim in turn.

### A. Minimum Wage

To establish a violation of the FLSA for non-payment of the minimum wage under 29 U.S.C. § 206, plaintiff must show that: (1) the plaintiff was employed by the defendant; (2) the plaintiff was engaged in commerce or in the production of goods for commerce; (3) the plaintiff was not compensated for all hours worked during each work week at a rate equal to or greater than the then-applicable minimum wage; and (4) none of the exemptions in 29 U.S.C. § 213 applied to the plaintiff's position. See 29 U.S.C. § 206.

The facts set forth in the complaint establish that Defendant employed Plaintiffs. (Compl. ¶ 12.) Defendant operated an enterprise that generated gross revenues exceeding $500,000.00. (Id. ¶¶ 10, 17-18.) Plaintiffs worked for Defendant during the relevant period of May through August 2018. (Id. ¶¶ 24-32.) Accordingly, at all times relevant to this action, Defendant was Plaintiffs' employer for purposes of the FLSA.[4] (Id. ¶¶ 10-13.)

Plaintiffs also were employees engaged in commerce under 29 U.S.C. §§ 206 and 207. (Id. ¶¶ 10-11, 17, 19.) Plaintiffs provided cleaning services for Defendant. (Id. ¶ 16.) Plaintiffs allege

---

4. Individual defendants can be held liable as employers under the FLSA. See Brock v. Hamad, 867 F.2d 804, 808 n.6 (4th Cir. 1989). Under the majority rule, an individual corporate officer may be subject to liability in his individual capacity if he acts as a supervisor with sufficient control over the conditions and terms of a plaintiff's employment. Zegarra v. Marco Polo, Inc., No. 1:08-cv-891, 2009 U.S. Dist. LEXIS 3845, at *5-6 (E.D. Va. Jan. 21, 2009) (citing Kilvitis v. County of Luzerne, 52 F. Supp. 2d 403, 413 (M.D. Pa. 1999)). Here, Defendant knew the hours Plaintiffs worked and permitted them to work. (Compl. ¶ 23.) Additionally, because Defendant has carried on his cleaning business after his company was dissolved, he is now personally liable. See Flip Mortgage Corp. v. McElhone, 841 F.2d 531, 534-35 (4th Cir. 1988).

that Defendant failed to compensate them for hours worked from May 2018 through August 2018. (Id. ¶¶ 24-32.) No evidence has been produced to show that any of the exemptions listed in 29 U.S.C. § 213 apply to Plaintiffs, and they appear to be covered employees entitled to the protections of the FLSA. See Darveau v. Detecon, Inc., 515 F.3d 334, 337 (4th Cir. 2008) ("An employer bears the burden of proving that a particular employee's job falls within such an exception."). Therefore, the undersigned finds that Plaintiffs should be entitled to receive an award of unpaid non-overtime minimum wages.

## B. Overtime Wages

Plaintiff Ernesto M. Diaz asserts he is owed unpaid overtime wages and premiums. To establish a violation of the FLSA for non-payment of overtime hours, plaintiff must show that: (1) the employee was employed by the defendant; (2) the employee was engaged in commerce or in the production of goods for commerce; (3) the employee worked over forty hours per work week; (4) the employee was not compensated at a rate of 1.5 times their regular rate for each hour worked in excess of forty hours for each work week; and (5) none of the exemptions in 29 U.S.C. § 213 applied to the employees' position. See 29 U.S.C. § 207.

Plaintiff Diaz was employed by Defendant. Defendant operated and owned an enterprise that generated gross revenues exceeding $500,000. (Compl. ¶ 18.) Plaintiff worked for Defendant from February 2017 to August 2018. (Id. ¶ 60). Defendant paid Plaintiff Diaz $11/hour for 42.5 hours of work from until April 2018, (Diaz Mot. Default J. ¶ 2), and declined to pay Diaz from May 2018 to August 2018 (Id. ¶ 3). Accordingly, at all times relevant to this action, Defendant, as owner of the enterprise, was Plaintiff's employer for purposes of the FLSA and is deemed personally liable for unpaid overtime wages.[5]

---

5. See note 4, supra.

Plaintiff was also an employee engaged in commerce under 29 U.S.C. § 207. (Compl. ¶¶ 12, 17-19, 27.) Plaintiff Diaz provided cleaning services for Defendant. (Id. ¶16.) Plaintiff Diaz alleges he consistently worked over forty (40) hours per week without being paid overtime wages or premiums. (Id. ¶ 60.) Finally, again, no evidence has been produced to show that any of the exemptions listed in 29 U.S.C. § 213 apply to Plaintiff Diaz. Therefore, the undersigned finds that Plaintiff Diaz should be entitled to receive an award of unpaid overtime wages and premiums.

IV. REQUESTED RELIEF

Plaintiffs seek monetary damages and attorney's fees and costs. In assessing damages, "a district court entering a default judgment may award damages ascertainable from the pleadings." Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 507 (4th Cir. 1998). Therefore, the Court considers each type of Plaintiffs' requested relief in turn.

A. Monetary Damages

**1. Unpaid Wages**

Plaintiffs seek varying amounts in unpaid non-overtime wages. (Mot. Default J. at 7.) The minimum wage under FLSA is $7.25 per hour. 29 U.S.C. § 206(a)(1)(C). Although the plaintiff in a FLSA case has the burden of showing that he performed work for which he was paid, the employer has a duty to keep accurate records. See 29 U.S.C. § 211(c); Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946) (superseded by statute on other grounds). The plaintiff need not "prove each hour of overtime work with unerring accuracy or certainty" so long as the Court's inference of the amount of damages is just and reasonable. See Pforr v. Food Lion, Inc., 851 F.2d 106, 108 (4th Cir. 1988). Furthermore, an employee's affidavit about his recollection of the hours he worked and the pay he received, if deemed credible by the Court, may be a basis for the Court to award damages. See, e.g., Wirtz v. Durham Sandwich Co., 367 F.2d 810, 812 (4th Cir. 1966);

Lopez v. Lawns 'R' Us, Civil No. DKC 07-2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008) ("An employee's testimony as to his recollection of the hours he worked and the pay he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed." (citation omitted)). Once plaintiffs introduce sufficient evidence to establish a basis for a reasonable inference of the extent of their damages, the burden shifts to the employer to rebut. See Mt. Clemens Pottery, 328 U.S. at 687-88.

Here, Plaintiffs have sufficiently alleged that for approximately four (4) months Defendant did not pay them. Additionally, Plaintiffs have included declarations in support of their request for damages. (Mot. Default J., Ex. 1; Diaz Default J., Ex. 1.) Therefore, the undersigned recommends that Plaintiffs be awarded the following for unpaid wages: Ernesto M. Diaz ($4,640), Jorge A. Torres ($1,268.75), Jesus G. Gonzalez ($1,268.75), Encarnacion Romero-Alverez ($1,776.25), Noe Sigfredo Alvarado Torres ($1,268.75), Lidia M. Adams ($942.50), Ninna K. Adams ($1,160.00), and Martha L. Torres ($942.50).[6]

**2. Unpaid Overtime Wages**

Plaintiff Ernesto M. Diaz also seeks $5,050 in unpaid overtime wages and premiums based on Defendant's failure to pay an hourly rate of 1.5 times Diaz's regular rate of pay for hours worked over forty in a work week. Specifically, Plaintiff Diaz worked 45 hours a week, but was only paid for 42.5 hours of work for a period 76 weeks, from April 2017 to April 2018. (Compl. ¶ 60; Diaz Mot. Default J ¶ 2., Ex. 1.) Diaz was only paid at his regular rate of $11/hour for those 2.5 hours of paid overtime work. (Id.) Further, for a period of 16 weeks from May 2018 to August 2018, Plaintiff did not receive any payment at all for his overtime work. Therefore, for the period of February 2017 to April 2018, Diaz is entitled to $3,135 in unpaid overtime wages for the 2.5 hours

---

6. Amounts calculated by multiplying hours worked, see Part II, supra, by the minimum wage rate ($7.25/hour).

of overtime work that went unpaid,[7] and $1,045 in unpaid overtime premiums.[8] For, the period of May to August 2018, Plaintiff is entitled to $870 in unpaid overtime wages for the 5 hours of overtime work unpaid.[9] In total, Plaintiff Diaz is entitled to an award of $5,050 in unpaid overtime wages and premiums.

### 3. Liquidated Damages

An employer who violates the maximum hours provision of the FLSA must pay the employee liquidated damages in an amount equal to the amount of unpaid wages, unless the employer shows that it acted in good faith. See 29 U.S.C. § 216(b); Perez v. Mountaire Farms, Inc., 650 F.3d 350, 375 (4th Cir. 2011). The employer bears the burden of establishing good faith in defense of a claim of a willful violation. Perez, 650 F.3d at 375. Because Defendant has failed to appear and present any defense, the undersigned recommends granting Plaintiffs an award of liquidated damages equal to the amount of unpaid wages.

### B. Attorney's Fees and Costs

The FLSA provides for the mandatory award of attorney's fees and costs of an action. See 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In support of this claim, Plaintiffs submitted an affidavit of Matthew T. Sutter. (Mot. Default J., Ex. 2.) This submission reflects a total of $10,540.00 in attorney's fees and $428.00 in costs. The attorney's fees consist of 24.8 hours of attorney time at $425.00 per hour for Matthew T. Sutter. (Id. ¶¶ 3-4.) The costs associated with this matter include the filing fee ($400.00) and

---

7. (76 weeks x 2.5 hours) x ($11/hour x 1.5) = $3,135

8. (76 weeks x 2.5 hours) x ($11/hour x 0.5) = $1,045

9. (16 weeks x 5 hours) x ($7.25/hour x 1.5) = $870

service on Secretary of the Commonwealth ($28.00). (Id. ¶ 5.)

Having reviewed this submission, the undersigned finds that Plaintiffs' request for attorney's fees is reasonable. The undersigned also believes that the costs associated with this matter are reasonable. Based on the foregoing, the undersigned recommends a finding that Plaintiffs are entitled to recover $10,968.00 in attorney's fees and costs (consisting of $10,540.00 in attorney's fees and $428.00 in costs).

## V. RECOMMENDATION

For the reasons outlined above, the undersigned U.S. Magistrate Judge recommends that Plaintiffs' Motion for Default Judgment be GRANTED. Default judgment should be entered against Defendant in favor of Plaintiffs. Specifically, the undersigned recommends that:

- Plaintiff Ernesto M. Diaz be awarded $19,380 in damages, consisting of $4,640 in unpaid non-overtime wages; $5,050 in unpaid overtime wages and premiums; and $9,690 in liquidated damages;

- Plaintiff Jorge A. Torres be awarded $2,537.50 in damages, consisting of $1,268.75 in unpaid non-overtime wages and $1,268.75 in liquidated damages;

- Plaintiff Jesus G. Gonzalez be awarded $2,537.50 in damages, consisting of $1,268.75 in unpaid non-overtime wages and $1,268.75 in liquidated damages;

- Plaintiff Encarnacion Romero-Alverez be awarded $3,552.50 in damages; consisting of $1,776.25 in unpaid non-overtime wages and $1,776.25 in liquidated damages;

- Plaintiff Noe Sigfredo Alvarado Torres be awarded $2,537.50 in damages, consisting of $1,268.75 in unpaid non-overtime wages and $1,268.75 in liquidated damages;

- Plaintiff Lidia M. Adams be awarded $1,885.00 in damages, consisting of $942.50 in unpaid non-overtime wages and $942.50 in liquidated damages;

- Plaintiff Ninna K. Adams be awarded $2,320.00 in damages, consisting of $1,160.00 in unpaid non-overtime wages and $1,160.00 in liquidated damages;

- Plaintiff Martha L. Torres be awarded $1,885.00 in damages, consisting of $942.50 in unpaid non-overtime wages and $942.50 in liquidated damages; and

- Plaintiffs be awarded $10,968.00 in attorney's fees and costs.

## VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send copies of this Report and Recommendation to Defendant at the following address of record:

RODNEY L. NAYLOR
d/b/a Naylor & Sons Environmental Inc.
2323 Buckhurst Run
Fort Wayne, IN 46815

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

February 7, 2019
Alexandria, Virginia