IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ERNESTO M. DIAZ, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:18-cv-1274 (LMB/TCB) |
| | ) | |
| RODNEY L. NAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a Report and Recommendation ("Report") issued by a magistrate judge on February 7, 2019 [Dkt. No. 11], which recommends that default judgment be entered against defendant Rodney L. Naylor ("Naylor") for violations of the Fair Labor Standards Act ("FLSA") and that plaintiffs[1] recover unpaid wages, overtime wages, liquidated damages, and attorney's fees and costs. See Report at 12-13. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file a timely objection waived the right to appeal any judgment based upon the Report. Id. at 14. As of February 26, 2019, no party has filed an objection. The Court has reviewed the Report, the plaintiffs' motion for default judgment, and the case file, and adopts the Report in full.

The magistrate judge correctly determined that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it involves a federal question arising under the FLSA. Id. at 2. The magistrate judge also correctly concluded that this Court has personal

---

[1] Although the eight named plaintiffs allege that they are "pursuing this action as an FLSA collective action on behalf of themselves and all other similarly situated individuals," Compl. [Dkt. No. 1] ¶ 44, plaintiffs did not move to proceed as a collective action and this civil action is being treated solely as their individual lawsuit. See Report at 1 n.3.

jurisdiction over defendant because he regularly conducted business in Virginia[2] and that venue is appropriate pursuant to 28 U.S.C. § 1391. Id. at 3. Lastly, the magistrate judge correctly concluded that plaintiffs properly served defendant via the Secretary of the Commonwealth and that he failed to appear or otherwise participate in these proceedings. Id. at 3-4.

The Court finds that the magistrate judge properly concluded that defendant paid his employees less than the federal minimum wage and at rates less than the required rate of 1.5 times the federal minimum wage for each hour worked in excess of 40 hours per week. Id. at 7-9. Plaintiffs allege that from May through August 2018, they performed cleaning services on behalf of defendant in Alexandria, Virginia for which they were not paid, id. at 5, and supported these claims by submitting declarations attesting to the unpaid hours being claimed, Pls.' Mot. for Entry of Default J. [Dkt. No. 7] Ex. 1. The magistrate judge found that because the FLSA violations were willful and there was no evidence indicating that defendant acted in good faith, he must also pay liquidated damages in an amount equal to the amount of unpaid wages pursuant to 29 U.S.C. § 216(b). Report at 11. In addition, the magistrate judge found plaintiffs' request for attorney's fees and costs to be reasonable and recoverable. Id. at 11-12.

Accordingly, the Report is ADOPTED, plaintiffs' Motion for Default Judgment [Dkt. No. 7] and plaintiff Diaz's Amended Motion for Default Judgment [Dkt. No. 10] are GRANTED, and it is hereby

---

[2] Defendant is a resident of Indiana who operates Naylor & Sons Environmental Inc., which regularly conducted business in Virginia despite not being authorized to do so. Compl. ¶ 10. On October 5, 2017, Naylor & Sons Environmental Inc. was dissolved by the Indiana Secretary of State Business Services Division but continued to do business. Id. The magistrate judge found that because defendant continued to use plaintiffs' services in this district after his business was dissolved, he is subject to suit. See Report at 7 n.4.

ORDERED that default judgment in the total amount of $47,603.00 be and is awarded in favor of plaintiffs against defendant Rodney L. Naylor for violations of the FLSA, consisting of the following amounts:

- Plaintiff Ernesto M. Diaz be and is awarded $19,380 in damages, consisting of $4,640 in unpaid non-overtime wages; $5,050 in unpaid overtime wages and premiums; and $9,690 in liquidated damages;

- Plaintiff Jorge A. Torres be and is awarded $2,537.50 in damages, consisting of $1,268.75 in unpaid non-overtime wages and $1,268.75 in liquidated damages;

- Plaintiff Jesus G. Gonzalez be and is awarded $2,537.50 in damages, consisting of $1,268.75 in unpaid non-overtime wages and $1,268.75 in liquidated damages;

- Plaintiff Encarnacion Romero-Alverez be and is awarded $3,552.50 in damages; consisting of $1,776.25 in unpaid non-overtime wages and $1,776.25 in liquidated damages;

- Plaintiff Noe Sigfredo Alvarado Torres be and is awarded $2,537.50 in damages, consisting of $1,268.75 in unpaid non-overtime wages and $1,268.75 in liquidated damages;

- Plaintiff Lidia M. Adams be and is awarded $1,885.00 in damages, consisting of $942.50 in unpaid non-overtime wages and $942.50 in liquidated damages;

- Plaintiff Ninna K. Adams be and is awarded $2,320.00 in damages, consisting of $1,160.00 in unpaid non-overtime wages and $1,160.00 in liquidated damages;

- Plaintiff Martha L. Torres be and is awarded $1,885.00 in damages, consisting of $942.50 in unpaid non-overtime wages and $942.50 in liquidated damages; and

- Plaintiffs be and are awarded $10,968.00 in attorney's fees and costs.

The Clerk is directed to enter final judgment in plaintiffs' favor pursuant to Fed. R. Civ. P. 55 and to forward copies of this Order to counsel of record and to defendant at the address on file.

Entered this 26th day of February, 2019.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge